JOHN CRITCHER *v.* ALEXANDER & BENTLEY.

**Costs—Suit to Settle Partnership.**
> Adjuding all costs against a plaintiff, in a suit for settlement of a partnership, where he succeeds in showing profits made, as against a denial by co-partners, is held to be an abuse of sound judicial discretion.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 23, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This suit by Crutcher was brought against Alexander and Bentley to settle the accounts between the parties as partners in a hog speculation for one season only; the plaintiff alleging that a large profit had been made and that defendants had done all the selling and collecting, and refused to pay him his part.

The defendants denied that any profit had been made, but asserted a loss, and this was the only issue save as to a set-off of $100, for money loaned the plaintiff.

After a protracted litigation and three several reports by the commissioner, it was ascertained that a net profit of $31 had been made, which the court adjudged and allowed Crutcher a credit for his third on the set-off of $100, and adjudged against him the remainder of the sum claimed by defendants, and also adjudged against him the entire costs of the suit, including an allowance of $350.00 to the commissioner, from which Crutcher has appealed.

We think the evidence and accounts as taken from the books, authorized the last report and approve the judgment confirming it, but we do not see the justice or legality of making Crutcher pay all the costs; he certainly succeeded in showing there was a profit, though small, which the defendants denied, and so far as costs grew out of that litigation he should at furthest be compelled to pay only his *pro rata* portion.

As to the costs which was occasioned by the set-off, the defendants should unquestionably recover, but this does not carry all the

costs, nor, indeed, any part on the main litigation and issue of profit or no profit.

By Section 14, Chapter 25, 1 Stant, Revised Statutes, 289, in "suits to settle partnerships," "courts shall have judicial discretion in decreeing or not decreeing costs." To adjudge all the costs against Crutcher was an abuse of sound judicial discretion. We think that the legal costs of the litigation should be divided according to the respective interest of the parties in the partnership, and this including the costs of both sides so far as it was incurred to settle the partnership.

Judgment reversed for further proceedings as indicated.

*Wintersmith, Farleigh, for appellant.*

*Harris & Hagan, for appellees.*